The judgment of the court was pronounced by
Preston, J.
This is an hypothecary action, in which the plaintiff seeks to enforce a conventional mortgage upon property owned by the defendant.
Sarah E. Stone, administratrix of the estate of Robert Fristoe, caused the mortgage note to be sold at a probate sale of his succession, in order, as expressed in her petition, to settle the estate. John W. Stone, her husband by a second marriage, became the purchaser, and through him the plaintiffs derive title to the note.
The counsel of the defendant contends, that the sale by the administratrix to her husband was an absolute nullity, of which he may avail himself. The case presents precisely the question decided by the late Supreme Court in the case of Scott’s Executrix v. Gorton, favorable to his views. But probably in consequence of that decision, made in 1839, the Legislature provided, by an act passed in 1840, that an administratrix might purchase at the sale of the effects of the deceased whose estate she represents, when she is the surviving partner in community, or an heir, or legatee of the deceased. "We are bound to presume, that the administratrix in the case of Fristoe's Succession possessed one or all of these qualities, and, therefore, that she, and, a fortiori, her husband might purchase at the sale of the effects of the estate she administered.
All the other defects alleged against the plaintiff’s title, as the want of description, the merely nominal price and frauds suggested, are relative nullities, for which the sale might have been attacked by creditors, heirs, or other persons interested in the succession, but of which a third person having- no interest in the estate cannot avail himself. If the note is due and bears a mortgage upon the defendant’s property, it is immaterial to him to whom it is paid. And this view of the case disposes of several of the bills of exception filed by the defendant.
A doubt has been suggested, whether the note sued upon is the same sold by the administratrix of R■ Fristoe’s Succession. In the schedule of notes belonging to the succession to be sold, and referred to in the petition for the sale, is put down, “W. H. Dosson$3333 33J.” Itis not pretended there was any other note of the estate sold of this exact amount in principal. It was adjudicated to Stone, who certifies that he has no interest in it,-having transferred it to Harrison Fristoe who brought the suit.
The bill of sale from Robert Fristoe to W. H. Dosson, dated the 296h of December, 1836, and the note payable the 1st January 1840, for $2333 33J, given in part payment of the price, and secured by special mortgage on the property sold, compared with the note now sued upon, leaves no doubt they are the same. And these views of written evidence renders it unnecessary to express an opinion on the bills of exception to parol testimony.
The note is not prescribed, because the administratrix of Robert Fristoe brought suit upon it, and obtained judgment on the 26th of November, 1840, recognizing the right of mortgage and making it executory against the mortgaged property.
John J. Stone bought the claim on the 2d of May, 1846. On the 1st of October, 1841, a judgment was rendered against him in favor of W. H. Dosson for $800, with ten per cent interest from the 4th of February, 1841, and on the 24th of March, 1841, a judgment was rendered against him and one Phelps in solido, in favor of Dosson, for $201 46, with ten per cent interest from the 4th of February, 1840.
*659 By the mutual indebtedness of Dosson and Slone when the latter purchased the note and mortgage, it was extinguished to the amount of these judgments. Compensation is plead; they were given in evidence, and there is no proof they were satisfied. The note and mortgage on which this action is brought should therefore be credited with $1550 57 on the 2d of May, 1846.
It is therefore decreed, that the judgment of the district court be reversed; that the note and mortgage on which this action is brought, be credited with $1550 57 on the 2d of May, 1846; that the mortgaged property described in the petition and act of mortgage be seized and sold according to law, to satisfy the balance, and costs in the .district court; and that the appellee pay the costs of the appeal.